**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
CAMDEN VICINAGE**

|   |   |   |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | Crim. Action No. 09-579 (RMB) |
| v. | : | **OPINION** |
| WILSON RAMIREZ, | : | |
| Defendant. | : | |

APPEARANCES:

Julie A. McGrain, Assistant Federal Public Defender
Office of the Federal Public Defender
800 - 840 Cooper Street, Suite 350
Camden, NJ 08102
    On behalf of Defendant.

Ronnell L. Wilson, Assistant United States Attorney
Office of the U.S. Attorney
District of New Jersey
Camden Federal Building and Courthouse
401 Market Street, 4th Floor
Camden, NJ 08101
    On behalf of Respondent.

**BUMB, District Judge**:

    This matter comes before the Court upon Defendant Wilson Ramirez's ("Defendant") motion for sentence reduction pursuant to 18 U.S.C. § 3582 and U.S.S.C. retroactive Amendment 782 ("Mot. to

Reduce Sentence," ECF No. 62.)[1] Defendant seeks a sentence reduction from 234 months to 140 months imprisonment. The Government filed a response, deferring to the Court's discretion on whether a sentence reduction is warranted but submitting that if a reduction is warranted, the Court should resentence Defendant to a 199-months term of imprisonment. ("Govt. Response," ECF No. 64.) Defendant filed a reply. ("Reply," ECF No. 65.)

Federal Rule of Criminal Procedure 43(b)(4) provides that a defendant "need not be present" when the proceeding involves a reduction of sentence under 18 U.S.C. § 3582(c). Dillon v. United States, 560 U.S. 817, 828 (2010). Pursuant to Federal Rule of Civil Procedure 78(b), the Court will decide the motion based on the written submissions of the parties and all the records. For the reasons discussed below, the Court will grant a sentence reduction and reduce Defendant's sentence to a 199-months total term of imprisonment.

---

[1] After filing the instant motion for reduction of sentence, Defendant filed a motion to vacate his sentence under 28 U.S.C. § 2255 in Civil Action No. 16cv4495(RMB) (D.N.J.) The outcome of the § 2255 motion potentially mooted the motion for reduction of sentence, therefore, it was given priority. Counsel was appointed to represent Defendant in his § 2255 motion, and after protracted discussions, Defendant voluntarily dismissed his motion. See Ramirez v. United States, 16cv4495(RMB) (D.N.J.) (Order, ECF No. 62.)

I.  BACKGROUND

On May 10, 2010, Defendant pled guilty to one count of conspiracy to possess with intent to distribute 5 kilograms or more of cocaine, in violation of 21 U.S.C. § 846 (contrary to 21 U.S.C. §§ 841(a)(1) and (b)(1)(A)), and one count of possession of a weapon by a convicted felon, in violation of 18 U.S.C. § 922(g)(1). (Plea Agreement, ECF No. 44 at 1.) He faced a Guideline range of 168 to 210 months imprisonment. (Sentencing Tr., ECF No. 59 at 18.) Defendant's sentence was imposed with a base offense level of 31. (Id.)

At sentencing, the Court varied upward from Defendant's Guideline range based on the nature of his criminal history, including his repeated parole violations, the seriousness of the offense, and the need to provide just punishment and specific deterrence. (Id. at 37-44.) The Court sentenced Defendant to 234 months imprisonment on Count One (drug conspiracy) and 120 months on Count Two (felon in possession), both sentences to be served concurrently for a total term of 234 months imprisonment. (Id. at 44-45.)

II.  AMENDMENT 782

On November 1, 2014, the U.S. Sentencing Commission enacted Amendment 782, which is retroactive and reduces by two levels the offense levels assigned to most drug quantities under U.S.S.G. § 2D1.1(c), effective November 1, 2015, pursuant to the terms of 18

3

U.S.C. § 3582(c)(2) and U.S.S.G. § 1B1.10. See U.S.S.G. App. C, Amend. 782 (Supp. Nov. 1, 2014).

Title 18, United States Code Section 3582(c)(2) provides:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o), upon motion of the defendant ... the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

U.S.S.G. § 1B1.10 implements 18 U.S.C. § 3582(c)(2) and covers Amendment 782. See U.S.S.G. App. C, Amendment 782.

The Supreme Court addressed the process for application of a retroactive Guideline amendment. "Any reduction must be consistent with applicable policy statements issued by the Sentencing Commission." Dillon v. U.S., 560 U.S. 817, 821 (2010). First, § 3582(c)(2) requires courts to reduce an otherwise final sentence consistent with the applicable policy statement in U.S.S.G. § 1B1.10, which instructs courts to "substitute the amended Guidelines range while leav[ing] all other guideline application decisions unaffected." Id. at 821-22 (quoting U.S.S.G. § 1B1.10(b)(1)) (emphasis in original). The Sentencing Guideline, U.S.S.G. § 1B1.10(b)(2)(A), provides that courts generally may "not reduce the defendant's term of imprisonment under 18 U.S.C.

§ 3582(c)(2) … to a term that is less than the minimum of the amended guideline range" produced by the substitution. Dillon, 560 U.S. at 822. At step two of the inquiry, § 3582(c)(2) instructs courts to consider any applicable § 3553(a) factors and determine whether the reduction authorized by step one is warranted in whole or in part. Id. at 827.

III. THE PARTIES' POSITIONS

    A.   <u>The Defendant</u>

Defendant requests that the Court impose an amended sentence of 140-months total term of imprisonment, at the bottom of the amended Guideline range. (Mot. to Reduce Sentence, ECF No. 62 at 5.) Defendant contends that Amendment 782 alone justifies a reduction of sentence because the Guideline range was simply too severe. (Id.)

Defendant further contends that the factors under 18 U.S.C. § 3553(a) favor a sentence reduction. (Id. at 7.) Defendant argues that the circumstances of the crime and history and characteristics of the defendant warrant a reduction because he became involved in the drug trade after a difficult childhood and was addicted to heroin by age 16. (Id. at 8.) His drug abuse was a significant factor contributing to the offense at issue. (Id.) Defendant has spent significant time in the last seven years reflecting on his conduct and its impact on his family and the community; and he is remorseful. (Id. at 9.)

Defendant asserts that his proposed modest sentence reduction is not likely to increase the risk of recidivism or endanger the public because it is the certainty of punishment, not the severity, that serves as a deterrent to committing new crimes. (Mot. to Reduce Sentence, ECF No. 62 at 10.) Defendant will be more than 40-years-old if released when requested, and recidivism declines with age. (Id.) A sentence in excess of two years also predicts a lower recidivism rate. (Id.) Further, a 2014 study by the U.S. Sentencing Commission produced no evidence that offenders whose sentences were reduced under the 2007 Crack Cocaine Amendment had higher recidivism rates that those who served their full prison terms less earned credits. (Id. at 11.)

Post-conviction, Defendant has been preparing for his eventual release by studying for and obtaining his GED, participating in programming and working in the prison's food services department. (Id. at 9.) Defendant has received disciplinary sanctions for non-violent offenses while in prison. (Id.)

B. The Government

The Government agrees Defendant is eligible for a sentence reduction, and his amended Guideline range is 140 to 175 months. (Govt. Response, ECF No. 64 at 10.) The Government, however, notes that many courts have denied sentence reductions in situations where the Guideline amendments lowered the sentencing ranges. (Id.

6

at 12.) Ultimately, the Government defers to the Court's discretion in determining whether a sentence reduction is warranted but highlights Defendant's extensive criminal history and his disciplinary infractions in prison. (Gov't Response, ECF No. 64 at 14-19.) If the Court determines that a reduction is warranted, the Government proposes that a sentence of 199 months would place Defendant 24 months above the amended Guideline range, which is consistent with his original sentence of 24 months above the original upper Guideline range.

    C.    <u>Defendant's Reply</u>

In reply, Defendant admits that his criminal history has not changed but notes that sentencing policy has changed because the Guidelines were found to be overly punitive. (Reply, ECF No. 65 at 1.) Again, Defendant argues that his risk for recidivism is low and his prison infractions were minor and non-violent. (<u>Id.</u> at 2.)

III. DISCUSSION

For the first step of determining a sentence reduction under Amendment 782, the Court finds that the amended Guideline range applicable to Defendant, if the relevant amendment been in effect at the time of the initial sentencing, is 140 to 175 months imprisonment, based on a Total Offense Level of 29 and Criminal History of V. The Court must next consider the factors under § 3553(a).

The first and second factors under § 3553(a) are (1) the nature and circumstances of the offense and history and characteristics of the defendant; and (2) the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; to afford adequate deterrence to criminal conduct; to protect the public from further crimes of the defendant; and to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner. The Court finds that its analysis of these factors has not changed since the time Defendant was sentenced, weighing in favor of an upward variance from the Guideline range. Defendant has lived a life of crime beginning at age fourteen. (Sentencing Tr., ECF No. 59 at 39.) He was repeatedly returned to custody after he was paroled. (Id.) The present crime involved a significant weight of drugs and also involved firearms. (Id. at 39-40.)

With respect to the public safety factor, Defendant submits, based on his age and the length of his sentence, he is unlikely to be a recidivist. Nonetheless, based on his criminal history and repeated parole violations, the Court finds the public safety factor weighs against a greater reduction in sentence. Specific deterrence by a greater sentence remains warranted. (Id. at 41-42.)

The final factor for consideration is post-sentencing conduct. Defendant was not a model prisoner, having committed six infractions that resulted in disciplinary sanctions. (Govt. Response, ECF No. 64 at 18.) Those infractions included circumventing the prison's telephone monitoring procedures on two separate occasions and using profanity toward a female corrections officer. (Id. at 18-19.) After weighing all of the factors, the Court concludes that a sentence of 199 months, which is consistent with Defendant's original sentence of 24 months above the upper Guideline range but also reflects the legislative policy of shorter drug crime sentences, is the appropriate sentence.

V. CONCLUSION

For the reasons stated above, this Court will grant Defendant's motion for a sentence reduction pursuant to § 3582(c)(2) and resentence Defendant to a 199-month total term of imprisonment.

An appropriate Order follows.

Date: April 4, 2019

                                          s/Renée Marie Bumb
                                          **RENÉE MARIE BUMB**
                                          **United States District Judge**