[Dkt. No. 76]

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
Camden Vicinage

_____
                                    :
UNITED STATES OF AMERICA,           :
                                    :
          v.                        :  Crim. No. 09-579 (RMB)
                                    :
WILSON RAMIREZ                      :  **OPINION**
_____ :


     This matter comes before the Court upon Defendant Wilson

Ramirez' Motion to Reduce Sentence pursuant to the First Step

Act, 18 U.S.C. § 3582(c)(1)(A)(i).  Defendant Ramirez is

currently serving his sentence at Allenwood Medium Prison in

Allenwood, Pennsylvania.  The Court having considered the

parties' submissions, and for the reasons discussed below,

denies the Motion.

     On May 10, 2010, Mr. Ramirez pled guilty to one count of

conspiracy to possess with intent to distribute more than 5

kilograms of cocaine, in violation of 21 U.S.C. § 846 (contrary

to 21 U.S.C. §§ 841(a)(1) and (b)(1)(A)), and one count of

possession of a weapon by a convicted felon, in violation of 18

U.S.C. § 922(g)(1).  He faced a Guidelines range of 168 to 210

months imprisonment.  At sentencing, this Court upwardly varied

from Mr. Ramirez's Guidelines range based on the nature of his

criminal history, including his repeated parole violations, the

1

seriousness of the offense, and the need to provide just
punishment and specific deterrence.  The Court also concluded
that the public would be safer and protected with a sentence
higher than the recommended Guidelines range.  As a result, the
Court sentenced Mr. Ramirez to a term of 234 months of
imprisonment on Count One (drug conspiracy) and 120 months on
Count Two (felon in possession), both sentences to be served
concurrently for a total term of 234 months imprisonment.  On
February 3, 2012, the Third Circuit Court of Appeals affirmed.

In February 2016, Mr. Ramirez moved for a sentence
reduction under Amendment 782 (Drugs Minus Two).  On April 4,
2019, this Court granted Mr. Ramirez's Amendment 782 motion and
reduced his sentence to 199 months imprisonment.  Mr. Ramirez is
currently scheduled for release from his term of imprisonment on
August 9, 2023.

In support of his Motion, Defendant admits that although
"does not suffer from any particular COVID-19 risk factors, his
age (43) and host of chronic medical conditions are relevant . .
. .  Mr. Ramirez suffers from numerous chronic medical
conditions, including prediabetes, hyperlipidemia, gastro-
esophageal reflux disease, herpes simplex, an enlarged prostate,
and constipation.  . . .  He is prescribed six different daily
medications to deal with his chronic conditions.  Dkt. No. 76,
at 4.  According to BOP records submitted by the Government,

Defendant was tested for COVID-19 and tested positive on
September 26, 2020.  Defendant has been seen by the medical
staff since then and at his follow-up visits denied fevers, body
aches, fatigue, loss of the sense of smell or taste, running
nose, congestion, sore throat, cough, shortness of breath, and
nausea and vomiting and diarrhea.  Govt. Opp., Dkt. No. 76, at
13.

   The Government has introduced evidence of the measures that
the Bureau of Prisons has taken to prevent the spread of the
coronavirus.  It is set forth at length in the Government's
Response.  See Govt. Opp., Dkt. No. 76, at 4-6.

## DISCUSSION

   Although a district court generally has limited authority
to modify a federally-imposed sentence once it commences, Dillon
v. United States, 560 U.S. 817, 825 (2010), the First Step Act
("FSA"), 18 U.S.C. § 3582(c)(1)(A)(i), permits district courts
to grant compassionate release where there exists "extraordinary
and compelling reasons" to reduce a sentence.  The statute
provides, in relevant part, that:

> (A) the court, upon motion of the Director of the
> Bureau of Prisons, or upon motion of the defendant
> after the defendant has fully exhausted all
> administrative rights to appeal a failure of the
> Bureau of Prisons to bring a motion on the defendant's
> behalf or the lapse of 30 days from the receipt of
> such a request by the warden of the defendant's
> facility, whichever is earlier, may reduce the term of
> imprisonment (and may impose a term of probation or

3

supervised release with or without conditions that
does not exceed the unserved portion of the original
term of imprisonment), after considering the factors
set forth in section 3553(a) to the extent that they
are applicable, if it finds that--

(i) extraordinary and compelling reasons warrant such
a reduction. . .

18 U.S.C. § 3582(c) (emphasis added).  As such, under
the FSA, a defendant seeking a reduction in his term
of imprisonment bears the burden of establishing both
that he has satisfied (1) the procedural prerequisites
for judicial review, and (2) that compelling and
extraordinary reasons exist to justify compassionate
release.

This Court may only grant a motion for reduction of

sentence under the FSA if it was filed "after the defendant has

fully exhausted all administrative rights to appeal a failure of

the Bureau of Prisons to bring a motion on the defendant's

behalf" or after 30 days have passed "from the receipt of such a

request by the warden of the defendant's facility, whichever is

earlier." 18 U.S.C. § 3582(c)(1)(A); see also United States v.

Raia, No. 20-1033, 2020 WL 1647922, at *2 (3d Cir. Apr. 2,

2020), as revised (Apr. 8, 2020).  This is a statutory

requirement that this Court may not waive.  See, e.g., Raia,

2020 WL 1647922 at *2; Massieu v. Reno, 91 F.3d 416, 419 (3d

Cir. 1996); Ross v. Blake, 136 S. Ct. 1850 (2016).

There is no disagreement that Defendant has exhausted his

administrative remedies.  United States v. Raia, Civ. No. 20-

1033, 2020 WL 1647922, at *2 (3d Cir. Apr. 2, 2020).

4

Under 18 U.S.C. § 3582(c)(1)(A), this Court may, in certain circumstances, once the exhaustion requirement has been satisfied as it has here, grant a defendant's motion to reduce his term of imprisonment "after considering the factors set forth in [18 U.S.C. § 3553(a)]," if the Court finds that (i) "extraordinary and compelling reasons warrant such a reduction," and (ii) "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A)(i).

The Defendant bears the burden to establish that he is eligible for a sentence reduction. United States v. Jones, 836 F.3d 896, 899 (8th Cir. 2016); United States v. Green, 764 F.3d 1352, 1356 (11th Cir. 2014).

The Sentencing Commission has issued a policy statement addressing reduction of sentences under § 3582(c)(1)(A). As relevant here, the policy statement provides that a court may reduce the term of imprisonment after considering the § 3553(a) factors if the Court finds that (i) "extraordinary and compelling reasons warrant the reduction;" (ii) "the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g);" and (iii) "the

reduction is consistent with this policy statement." U.S.S.G. §
1B1.13.[1]

The policy statement includes an application note that
specifies the types of medical conditions that qualify as
"extraordinary and compelling reasons." First, that standard is
met if the defendant is "suffering from a terminal illness,"
such as "metastatic solid-tumor cancer, amyotrophic lateral
sclerosis (ALS), end-stage organ disease, [or] advanced
dementia." U.S.S.G. § 1B1.13, cmt. n.1(A)(i).  Second, the
standard is met if the defendant is:

    (I)  suffering from a serious physical or medical condition,

    (II) suffering from a serious functional or cognitive
         impairment, or

    (III) experiencing deteriorating physical or mental
          health because of the aging process,

          that substantially diminishes the ability of the
          defendant to provide self-care within the

---

[1] The policy statement refers only to motions filed by the BOP
Director.  That is because the policy statement was last amended
on November 1, 2018, and until the enactment of the First Step
Act on December 21, 2018, defendants were not entitled to file
motions under § 3582(c).  See First Step Act of 2018, Pub. L.
No. 115-391, § 603(b), 132 Stat. 5194, 5239; cf.18 U.S.C. §
3582(c) (2012).  In light of the statutory command that any
sentence reduction be "consistent with applicable policy
statements issued by the Sentencing Commission," 18 U.S.C. §
3582(c)(1)(A)(ii), and the lack of any plausible reason to treat
motions filed by defendants differently from motions filed by
BOP, the policy statement applies to motions filed by defendants
as well.

environment of a correctional facility and from
which he or she is not expected to recover.

Id. § 1B1.13, cmt. n.1(A)(ii).  The application note also sets
out other conditions and characteristics that qualify as
"extraordinary and compelling reasons" related to the
defendant's age and family circumstances. Id. § 1B1.13, cmt.
n.1(B)-(C).  The note recognizes the possibility that BOP could
identify other grounds that amount to "extraordinary and
compelling reasons." Id. § 1B1.13, cmt. n.1(D).

Here, Defendant does not have any present medical issues
that are considered COVID-19 risk factors.  In fact, although
Defendant contends that he risks serious health consequences if
reinfected, the CDC reports that reinfection is "rare" although
it is being studied more extensively.  See Def. Reply,
Dkt. No. 79, at 1, n.3.  The fact that the Government introduced
evidence that Defendant does not appear to be suffering any
known complications or experiencing any significant symptoms of
the virus counsels against a compassionate release.

Moreover, Defendant has not established an "extraordinary
and compelling reason" to reduce his sentence.  The Court finds
that he has failed to demonstrate that he merits release under
the § 3553(a) factors.  Under the applicable policy statement,
this Court must consider the § 3553(a) factors, as "applicable,"

7

as part of its analysis. See § 3582(c)(1)(A); <u>United States v.</u>
<u>Chambliss</u>, 948 F.3d 691, 694 (5th Cir. 2020).

A sentence reduction here would be inconsistent with the §
3553(a) factors.  First, a reduction would fail to "reflect the
seriousness of the offense," "promote respect for the law," and
"provide just punishment for the offense." 18 U.S.C. § 3553(a).
Defendant engaged in a very serious drug trafficking offense
that involved multi-kilogram quantities of cocaine and the
Defendant's possession of firearms as a convicted felon in
relation to his drug trafficking.  In addition, Defendant has a
long and troubling criminal history which warranted an upward
variance.

The "history and characteristics of the defendant" and the
need to protect the public also counsel against any sentencing
reduction.  As discussed, the Defendant is no stranger to the
criminal justice system.  His life of crime has resulted in
multiple felony convictions including for violent assaults and
distribution of narcotics.  His criminal history and disregard
for the justice system display an individual with violent
propensities.  As this Court stated at sentencing: "Your
criminal history stands out as one of the most disturbing
criminal histories I've seen."  <u>See</u> Dkt. No. 59, at 39.  The
need to protect the public is paramount here.

Finally, for similar reasons, the need for deterrence and the need to punish the Defendant also weigh against reducing Defendant's sentence.  Indeed, the Government has introduced evidence that Defendant has committed several infractions while in BOP custody.  Defendant "recognizes that his institutional conduct has not been pristine," and goes on to explain none of the infractions involved violence.  Dkt. No. 79, at 9.  That is of little consolation to the Court.  Defendant simply fails to follow the law, and the rules.  Sadly, the Court has little confidence he will abide by any supervisory rules if released.

The Court does not take lightly Defendant's fear of contracting COVID-19.  Here, however, the BOP is taking measures to contain the spread of COVID-19,[2] and Defendant has not persuaded this Court that there is an extraordinary and compelling reason to reduce his sentence or that he merits release under the §3553(a) factors.

The Motion is therefore DENIED.

s/Renée Marie Bumb_____
RENÉE MARIE BUMB
United States District Judge

Dated: November 17, 2020

---

[2] At present, there are two confirmed cases of COVID-19 among inmates and one confirmed case of COVID-19 among staff at FCI Allenwood Medium.  See www.bop.gov/coronavirus (last visited November 17, 2020).